**UNITED STATES of America,
Plaintiff-Appellee,**

**v.**

**George Robert DAVIS, Defendant-Appellant.**

**No. 13131.**

United States Court of Appeals
Seventh Circuit.

Jan. 31, 1961.

George Robert Davis, pro se.

Kenneth C. Raub, U. S. Atty., Fort Wayne, Ind., Martin H. Kinney, Asst. U. S. Atty., Hammond, Ind., George Vann, Asst. U. S. Atty., Hammond, Ind., for appellee.

Before HASTINGS, Chief Judge, and SCHNACKENBERG and CASTLE, Circuit Judges.

HASTINGS, Chief Judge.

This is an appeal from a judgment of the district court entered on June 7, 1960 denying the motion of George Robert Davis, appellant, to vacate sentence and

for a rehearing filed pursuant to Title 28, U.S.C.A. § 2255.

Appellant was charged with the crime of interstate transportation of a forged security in violation of Title 18, U.S.C.A. § 2314. On April 8, 1955, *appellant appeared in person and by his attorney* for arraignment, at which time he signed a written waiver of indictment and entered a plea of guilty as charged in the information. On June 27, 1955, appellant again appeared in court *with his attorney* and was sentenced to a term of 10 years in prison. The district court[1] suspended the execution of the sentence and placed appellant on probation for a period of 5 years.

Since the instant proceeding is an attack on the revocation of appellant's probation, we have examined the circumstances under which probation was granted on June 27, 1955. The record shows that the trial court had before it a presentence report. This report disclosed that appellant enlisted in the army on June 4, 1940 and was dishonorably discharged on September 30, 1944, having been court-martialed four times. He was arrested on November 28, 1944 in California for impersonation and was sentenced to a term of four years by the federal district court there. He was turned over to the military authorities as a parole violator, began service of his sentence on December 14, 1945 and was paroled on June 24, 1948. He was arrested as a parole violator and served time in federal penitentiaries at Lewisburg, Pennsylvania and Leavenworth, Kansas from which he was conditionally released on September 20, 1949. On July 7, 1950, he was sentenced to two years by a federal district court in Arkansas for an offense committed at Olympia, Washington. While serving this sentence, the state of Oklahoma placed a detainer against him. On April 15, 1952, he was released from Leavenworth to the Oklahoma state authorities and was committed to the Oklahoma State Penitentiary on May 16, 1952 for obtaining money un-

der false pretenses. He was released from that institution on December 12, 1952.

Before pronouncing sentence, the trial court heard appellant and his counsel, both of whom made extended and impassioned pleas for probation. At that time the court was reluctant to grant probation because of appellant's prior record. The court then suggested that he would consider giving appellant a sentence less than the maximum of ten years or in the alternative fix it at the maximum and grant probation with the express understanding that if appellant violated his probation he then would have to serve the ten years. To this appellant responded, "If I can't go out and straighten up I don't deserve to stay outside. * * * I will take probation, sir." Thereupon, the sentence of ten years was imposed. It was suspended for a period of five years, and appellant was placed on probation for five years.

On July 14, 1958, the Probation Officer filed a petition for revocation of probation which alleged, *inter alia*, that appellant had left the jurisdiction of the court; that he had taken a truck for which he was delinquent in payments; and that he had left his wife and children and had not communicated with them or offered any assistance to them since leaving the jurisdiction of the court. A bench warrant was issued for his arrest.

Appellant voluntarily surrendered on July 20, 1959 in Pennsylvania, more than a year after the issuance of the bench warrant, was confined in jail in Pennsylvania, and on August 10, 1959 was transferred to jail in South Bend, Indiana. The next day, August 11, 1959, appellant was brought before the district court; and a hearing was conducted on the petition for revocation of probation.

At this hearing on August 11, 1959, the trial court advised appellant of his constitutional rights, including his right to be represented by counsel. Appellant responded to the court, "There is no need for it." The court then examined appel-

---

1. The same court which heard the proceedings in the case at bar.

lant concerning his various alleged violations of probation, and appellant freely admitted all of them and said that he knew he was violating his probation. He said further that he remembered "what you told me [at the time probation was granted], and I guess I was scared and I kept going." He stated that he wrecked his truck, became ill and also overdrew his bank account.

Following this examination, the following colloquy took place:

"Court: There is nothing I can do but revoke the probation and the original sentence that was imposed is now pronounced. You are to start it.

"Defendant: You mean I get ten years?

"Court: Yes, that is all I can do."

On May 14, 1960, appellant filed his "Petition to vacate Sentence and to Rehear," pursuant to 28 U.S.C.A. § 2255. The Government filed an answer to this petition, and appellant filed a reply to such answer. The trial court ordered a hearing thereon without requiring the production of appellant at such hearing.

On June 17, 1960, a hearing on appellant's petition was held at Hammond, Indiana, without appellant's presence, he being then and now confined in the federal penitentiary at Atlanta, Georgia. After consideration of an affidavit of Dr. Scott D. Skillern (who attended appellant in the jail at South Bend, Indiana on the night of August 10, 1959), the testimony of the Probation Officer and the United States Marshal, together with the record of the hearings held at the time of appellant's plea and sentencing in 1955, the district court denied the motion now before us. Appellant was granted leave to appeal *in forma pauperis* and was furnished a stenographic transcript of the proceedings.

Appellant proceeded with this appeal *pro se* and waived oral argument; the case was taken by this court on the briefs without oral argument.

■ The substance of appellant's petition to vacate sentence is that he was held *incommunicado* from the date of his voluntary surrender on July 20, 1959 to the time he was brought before the court for hearing on the revocation of probation on August 11, 1959; that at the time of the hearing he was denied right to counsel and was under the influence of a narcotic drug (demerol), which had been administered to him at the jail in South Bend on August 10, 1959; and that on August 11, 1959, the day of the hearing in question, because of the effect of the demerol and severe illness, he was mentally incompetent to proceed with the hearing.

The short answer to these complaints is that we have examined the entire record in this case and find that it completely contradicts and refutes appellant's claims *in toto*. The findings of fact entered by the district court in denying the petition are fully supported by the record.

Appellant's contention that he was denied counsel is without merit. The trial court expressly advised him of his right to counsel, and he rejected such offer.

The affidavit of Dr. Skillern shows that the small quantity of demerol given appellant the day before the revocation hearing could have no adverse effect on him. The testimony of the Probation Officer and the United States Marshal conclusively shows that appellant was normal the day of the hearing. The trial court questioned him at the hearing and had ample opportunity to observe him.

There is no substance to appellant's claim that he was held *incommunicado* at any time in violation of his constitutional rights.

■ Finally, the record clearly shows that the district court did not abuse its discretion in ordering the Section 2255 hearing on appellant's petition to be conducted in his absence.

It is our conviction that appellant's petition is without substance; it is frivolous and a complete sham. The trial court went to great lengths to provide appellant with all safeguards to protect his rights.

Since we have disposed of this appeal on the facts, we do not reach or pass upon the legal contentions raised by the Government.

■ We hold that the district court did not abuse its discretion in ordering revocation of probation in this case.

The judgment of the district court is Affirmed.